IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **IVÁN MÉNDEZ LÓPEZ**<br><br>     **Plaintiff**<br><br>     v.<br><br>**AON- RISK SOLUTIONS OF PUERTO RICO, INC. ( AON-PR)**<br><br>     **Defendant** | **CIVIL NO. 14-**<br><br>**AGE DISCRIMINATION; DAMAGES**<br><br>**TRIAL BY JURY DEMANDED** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**TO THE HONORABLE COURT:**

COMES NOW Plaintiff, Iván Méndez López ("Méndez"), through the undersigned attorneys, and very respectfully alleges, states and prays:

### I. NATURE OF THE ACTION AND JURISDICTION

1. This action is brought pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 601 *et seq.* and Puerto Rico's Law No. 100 of June 30, 1959, 29 L.P.R.A. § 146 *et seq.*, ("Law No. 100"), seeking compensatory, double and liquidated damages and equitable and injunctive relief to seek redress for defendant's discrimination on the basis of age against Méndez.  It is also an action for breach of contract under the Puerto Rico Civil Code.

2. This court has jurisdiction to entertain this action pursuant to Section 7 of the ADEA, 29 U.S.C. § 626(c) (1), and under 28 U.S.C. §§ 1331 and 1343(a) (4). Its supplemental jurisdiction is also invoked pursuant to 28 U.S.C. § 1367(a) to hear the Commonwealth of Puerto Rico law claims because these are so related to the other claims as to which this court has original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b)(1) and (2), as the defendant resides in Puerto Rico and all the discriminatory employment practices alleged were committed within the judicial district comprising the Commonwealth of Puerto Rico.

4.     On May 16, 2014, Méndez filed a timely charge of employment discrimination on the basis of age and retaliation with the Anti-Discrimination Unit of the Department of Labor ("ADU").  The charge number with the ADU is uadau14-371C and the charge number at the Equal Employment Opportunity Commission ("EEOC") is 16H-2014-00078C.

5.     After more than sixty (60) days had elapsed since the charge had been filed, Méndez requested that the ADU and EEOC issue the corresponding Notice of Right to Sue.

## II. THE PARTIES

6.     Méndez is a citizen of the United States and a resident of Carolina, Puerto Rico.

7.     Méndez was born on November 30, 1950.

8.     Méndez had been President and Chief Executive Officer ("CEO") for AON-PR Risk Solutions of Puerto Rico ("AON-PR"), Inc. from January 15, 2008 until December 31, 2012, and became Non-Executive Chairman of the Board from January 1, 2013 to date.

9.     At all relevant times, Méndez was an employee under the provisions of ADEA, 29 U.S.C. § 630 (f), and is within the protected class under ADEA, 29 U.S.C. § 631(a).

10.    Méndez is an employee under all of the federal and local statutes upon which he bases his request for relief.

11.    Defendant, AON-PR is, and at all times hereinafter mentioned was, a corporation duly created under the Laws of and with its principal place of business in the Commonwealth of Puerto Rico.

12. AON-PR is a for profit corporation registered with the Commonwealth of Puerto Rico Department of State.

13. At all times relevant herein, AON-PR has been Méndez' employer.

14. AON-PR is a "person" within the meaning of 29 U.S.C. § 630(a).

15. AON-PR is an "employer" under the ADEA, 29 U.S.C. § 630(b).

16. AON-PR is engaged in an "industry affecting commerce" within the meaning of 29 U.S.C. § 630(h).

17. AON-PR employs more than twenty (20) employees on a daily basis as the term is defined in 29 U.S.C. § 630(b).

18. AON-PR is an "employer" under Puerto Rico Law No. 100.

### III. THE FACTS

19. Méndez repeats and incorporates by reference each and every preceding allegation as if fully set herein.

20. Méndez was hired as President and CEO of Aon-PR after an extensive and long search for a suitable candidate to replace former CEO Elpidio Rivera. The search was conducted by a leading employment company in the island and encompassed candidates from a variety of industries and professional backgrounds. Méndez himself was a successful and highly regarded executive, then currently employed by Doral Bank, and among previous positions, which included being President and CEO of Scotiabank de Puerto Rico.

21. During its five years as Aon-PR CEO, Méndez served with distinction, led the acquisition of a local insurance broker (Casellas & Company), and the integration of a corporate acquisition (Hewitt Associates).

22. After having served AON-PR as CEO and President for five years, the company asked Méndez to step down. The company also asked Méndez to assist it transitioning a new and younger management team. Although he had no plans to retire at the time, Méndez agreed to work with the company on a succession plan strategy, which included considering internal as well as external candidates to replace him as CEO.

23. The company asked Méndez to enter into an "Employment Agreement" to be in effect for three years, beginning on January 1, 2013 and to be in effect until December 31, 2015.

24. At the end of the Agreement, Méndez would have to retire from AON-PR.

25. The alleged purpose of the Agreement was to assist in AON-PR's transition to a new CEO and President, Manuel Bermúdez ("Bermúdz"), an internal candidate, which had been selected after a review of available talent within and outside the company. Bermúdez is significantly younger than Méndez.

26. Méndez' position changed from President and CEO to Non-Executive Chairman.

27. The Agreement provided the terms and conditions, *i.e.* duration, compensation, duties and responsibilities, termination, *etc.*, which would govern the employment relationship until Méndez' had to retire.

28. After the signing of the Agreement, it became clear to Méndez that AON-PR intended for him to leave the company much sooner.

29. AON-PR started to sideline Méndez in an effort to force his untimely resignation. Some of the means used by AON-PR to exert pressure on Méndez included, but were not limited to: (1) exclusion from high level meetings with government lobbyists ; (2) the unilateral imposition of a sales quota not contemplated, implicitly or explicitly, in the Agreement; (3) exclusions from negotiations intended to obtain new business in the public sector; (4) exclusion from

presentations to existing clients despite Méndez' expertise in the area; (5) non consideration of business generated by Méndez' efforts in order to curtail his entitlement to a higher performance based compensation; (6) exclusion from regional activities attended by other Non-Executive Chairmen; (7) restricted access to financial data and information to which he should have been privy as Non-Executive Chairman.

30. Defendant's most obvious blow to Méndez during the first year of the contract was to deprive him of compensation to which the parties had agreed and the Agreement contemplated.

31. According to the Agreement, Méndez' base salary would be $250,000.00.

32. During the first year, Méndez was entitled to a potential incentive compensation which could be as high as $225,000.00.

33. Although the Agreement provided that the "incentive compensation" portion was not guaranteed, Méndez met the arbitrary and pretextual sales quota that was unilaterally imposed by defendant and documented it in various memoranda to Bermúdez and to Mr. John Kuvshinikov ("Kuvshinikov"), AON's Regional Director Human Resources.

34. The Agreement also provided that the incentive compensation would be paid pursuant to AON-PR's incentive program policies. Kuvshinikov, confirmed to Méndez that the potential incentive compensation bonus would be paid pursuant to its accustomed policies, as these had in the past applied to the members of the Executive Committee.

35. After the signing of the Agreement, both, Bermúdez and Kuvshinikov, have denied the existence of the formula for computing the incentive compensation bonus.

36. At all relevant times, all of the employees who comprise the Executive Committee were substantially younger than Méndez.

37. When the time came to calculate the incentive compensation bonus for the year 2013, AON-PR changed the rules of the game and applied them in a discriminatory fashion because of Méndez' age in violation of the Age Discrimination in Employment Act ("ADEA") and Puerto Rico Law No. 100 of June 30, 1959 ("Law 100-1959").

38. Namely, Defendant discarded Méndez's contribution to the substantial public sector business that he generated.

39. This business was possible in large part because of Méndez' network resulting from his long-time experience in the sector.

40. Additionally, defendant did not apply the established applicable compensation policy to determine the amount of the incentive compensation bonus, as the Agreement and previous practice clearly provided.

41. Conversely, defendant applied the established compensation policy to determine the amount of the incentive compensation bonus to the substantially younger participants of the program who were part of the Executive Committee.

42. As a result of AON-PR's age based discriminatory application of the policies and rules governing the award of incentive compensation bonuses, Méndez was deprived of more than half of the amount, *i.e.* $125,000.00, contemplated by the parties at the time of the signing of Agreement. In addition to unlawful discrimination, defendant's actions and/or omissions constituted a breach of the Agreement in violation of the Puerto Rico Civil Code.

43.  Defendant has used its economic might in an attempt to press Méndez into retiring before the expiration of the Agreement reached. Said pressure has also injured his spirit and has caused him significant emotional distress

44.     Again, defendant has continued to apply its compensation policies in order to force Méndez' untimely and discriminatory resignation.

45.     As a result of AON-PR's discriminatory conduct because of Méndez' age, he has suffered economic and emotional damages, pain and suffering for which defendant is fully liable.

46.     AON-PR's conduct constitutes age discrimination against Méndez and a breach of the Employment Agreement.

## IV. FIRST CAUSE OF ACTION

47.     Méndez repeats and incorporates by reference each and every preceding allegation as if fully set herein.

48.     AON-PR's unilateral, arbitrary and capricious modification of the Agreement constitutes a breach of contract under Puerto Rico law.

49.     As a result of AON-R's breach of the Agreement, Méndez has been deprived of compensation pursuant to the terms and conditions contained therein.

50.     As a proximate result of the breach of the Agreement, Méndez has suffered economic damages in an amount not less than $125,000.00, corresponding to his incentive compensation for year 2013.

51.     As a proximate result of defendant's breach of the Agreement, Méndez has suffered damages in an amount not less than $500,000.00.

52.     Defendant is fully liable to Méndez for all damages resulting from its breach of the Agreement.

## V. SECOND CAUSE OF ACTION

53. Méndez repeats and incorporates by reference each and every preceding allegation as if fully set herein.

54. AON-PR's conduct constitutes discrimination against Méndez on the basis of age in violation of the ADEA.

55. As a result of AON-PR's discrimination against Méndez, he is entitled to the losses in income proximately caused by AON-PR's unlawful conduct, including $125,000.00 portion of the agreed upon incentive compensation bonus for 2013 and $45,000 for 2014.

56. As a result of AON-PR's discrimination against Méndez, he is also entitled to injunctive relief ordering to AON-PR to cease and desist of any further discriminatory treatment against Méndez and to the specific performance of the Agreement.

## VI. THIRD CAUSE OF ACTION

57. Méndez repeats and incorporates by reference each and every preceding allegation as if fully set herein.

58. AON-PR's intentional misapplication of its policies and guidelines for computing Méndez' compensation because of his age were malicious and/or carried out with reckless indifference to his federally protected right to be free from age discrimination.

59. AON-PR's conduct constitutes a willful violation of the ADEA, and as a result thereof, AON-PR is liable to Méndez for liquidated damages equal to twice the amount of his lost income, together with an award of costs and attorneys' fees pursuant to 42 U.S.C. § 1988.

## VII. FOURTH CAUSE OF ACTION

60. Méndez repeats and incorporates by reference each and every preceding allegation as if fully set herein.

61. AON-PR's conduct constitutes discrimination on the basis of age under Law No. 100 as it has altered the terms and conditions of his employment with defendant.

62. Méndez has suffered emotional and economic damages as a proximate result of AON-PR's age discrimination.

63. AON-PR is liable to Méndez for double the compensatory damages proximately caused to him as a result of AON-PR's age discrimination against him, together with costs, litigation expenses and attorneys' fees.

## VIII. DEMAND FOR JURY TRIAL

64. Méndez hereby demands that all of his causes of action be tried before a jury.

**WHEREFORE**, all premises considered, Méndez prays from this Honorable Court the following relief:

    a.    An order directing defendants to cease and desist of any further discriminatory conduct on the basis of age against Méndez;

    b.    Liquidated damages equal to Méndez lost income as a result of defendants' discrimination pursuant to the ADEA;

    c.    Compensatory damages in an amount not less than $400,000.00;

    d.    An award of double compensatory damages under Law No. 100;

    e.    An award of reasonable attorneys' fees, together with costs, litigation expenses and necessary disbursements;

    f.    Prejudgment interests;

g.   An income tax differential for any amount to be paid by Méndez in excess of his usual personal income tax rate as a result of compensation for lost income and/or front pay received as relief for defendant's discriminatory conduct; and

h.   Any other remedy which this court may deem just and proper.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico this 22nd day of September, 2014.

**GONZALEZ MUÑOZ LAW OFFICES, PSC**
P.O. Box 9024055
San Juan, PR 00902-4055
Tel. 787-766-5052
Fax 787-766-5551
polonorteprlaw@gmail.com
jrgmlaw@gmail.com

*s/ Juan Rafael González Muñoz*
Juan Rafael González Muñoz
USDC-PR No. 202312